**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOHN FABING, individually and as Personal
Representative/Trustee for the Estate of Lillian Mae
Koch (deceased),

                      Plaintiff,

-vs-                                      Case No.   2:07-cv-709-FtM-34SPC

WILLIAM C. MCIVER, Circuit Judge,

                      Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff John Fabing's Motion for Leave to Proceed In Forma Pauperis (Doc. #2) filed on October 31, 2007.

## FACTS

The Plaintiff filed a complaint against the Defendant William C. McIver, Circuit Judge. The Plaintiff's Complaint alleges that Judge McIver violated his due process rights by finding in favor of Sandra Mae Eaton, the Plaintiff in a state court litigation. From the pleading Judge McIver ruled against the Plaintiff in an action regarding the will of Lillian M. Koch. The Plaintiff alleged that Judge McIver denied the Plaintiff a share or all of the proceeds of Koch's will as well as transferring $40,000.00 out of a securities account and awarding the proceeds to Eaton rather than to the Plaintiff.

According to the Plaintiff, Eaton abandoned Lillian M. Koch, Eaton's mother, when she was 96 years old, blind, and in poor health. Eaton's abandonment of Koch contributed to Koch's death

and created a windfall for Eaton. The Plaintiff claims that Judge McIver then set aside Koch's will, in which he was the beneficiary, and also denied a "Trust/ Contract" to be executed in his favor. The Plaintiff alleges that Eaton converted all of Koch's funds to her own use and emptied all of her accounts leaving Koch with no funds to live on. According to the Plaintiff, Koch sued Eaton prior to her death for the return of all of her funds. However, in his decision, Judge McIver ignored this lawsuit. The Plaintiff claims as a direct and proximate result of Judge McIver's actions, he has suffered irreparable damages, life changing mental anguish, and severe hardship. (Doc. # 1, ¶ 34).

The Plaintiff's Complaint alleges a series of unrelated claims, including but not limited to, allegations that Judge McIver declared partnership without an evidentiary hearing, denied trust without an evidentiary hearing, allowed the abuse and exploitation of the elderly and disabled, and a claim of torturous interference with expectancy of inheritance. However, the crux of the Plaintiff's claim appears to be that his Fifth and Fourteenth Amendment rights were violated because Judge McIver had no jurisdiction to probate the estate of Lillian Mae Koch.

The Plaintiff states that Judge McIver lost jurisdiction in the matter because he aided and abetted Eaton in a fraud upon the court by allowing Eaton and her attorney to withdraw $40,000.00 from the deceased security account. Based upon the allegations in the Plaintiff's complaint Judge McIver threw out the Plaintiff's Complaint

The Plaintiff states he filed complaints with the Florida Supreme Court and the Judicial Qualifications Commission, but does not give any follow up results to the complaints. The Plaintiff now brings his case to this Court.

**STANDARD OF REVIEW**

A plaintiff may be allowed to proceed *in forma pauperis* if that plaintiff declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the suit *sua sponte*. Id.

**DISCUSSION**

Despite the fact that the Affidavit (Dkt. No. 2) reveals that Plaintiff likely has insufficient resources to conduct the litigation, Plaintiff should not be permitted to proceed *in forma pauperis*, and this action should be dismissed because Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(iii). Indeed, 28 U.S.C. § 1915 requires the Court to dismiss a case *sua sponte* if the Court finds that Plaintiff is seeking monetary relief from an immune defendant. 28 U.S.C. § 1915 (e)(2).

The application of the doctrine of absolute immunity is strictly a question of law for the Court to determine. Brown v. Crawford County, Ga., 960 F.2d 1002, 1012 (11th Cir. 1992). "As early as 1872, the Court recognized that it ... [is] 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Stump v Sparkman, 435 U.S. 349, 355 (1978) (second alteration in original) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Based on this reasoning, the Supreme Court has

determined that judges cannot be held liable for their judicial acts even if those acts are corrupt, done with malice or in excess of the judges' jurisdiction. Stump, 435 U.S. at 356; see also Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). Indeed, judges are absolutely shielded from civil liability for acts committed while acting within their judicial capacity unless those acts are determined to be in the "clear absence of all jurisdiction." Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).[1]

In Stump, the Supreme Court recognized a two-part test to be used in determining whether a judge is absolutely immune from potential civil liability. Stump, 435 U.S. at 356-62. The reviewing court must ask whether the judge was acting in a judicial capacity while dealing with the plaintiff, and whether the judge acted in the "clear absence of all jurisdiction." Id. at 356-57, 360. Only in circumstances where a judge acted in the "clear absence of all jurisdiction" or dealt with a plaintiff in a non-judicial capacity can the judge face civil liability for actions taken. Id. 356-62.

---

[1] Strong public policy arguments support upholding the doctrine of absolute judicial immunity.

> First and foremost, a judge must be free to act upon his own convictions, without apprehension of personal consequences; second, the controversiality and importance of the competing interests in a case before a court make it likely that the losing party may be overly willing to ascribe malevolent motives to the judge; third, judges faced with the prospect of defending damages actions and, perhaps, satisfying money judgments would be driven to wasteful and destructive self-protection devices and, moreover, may be less inclined to administer justice; fourth, alternative remedies such as appeal and impeachment reduce the need for private rights of action against judges; and fifth, the ease of alleging bad faith would make a qualified "good faith" immunity virtually worthless because judges would constantly be forced to defend their motivations in court.

Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985).

In determining whether a judge was acting within his or her judicial capacity, the Eleventh Circuit instructs a court to consider several factors, including: whether "(1) the precise act complained of ... is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity." Harper v. Merckle, 638 F.2d 848, 858 (5th Cir. Unit B Mar. 1981) (quoting McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).[2] Utilizing this framework, the Court will now consider whether the Defendant Judge would be entitled to immunity from the claims Plaintiff wishes to assert.

Through a very liberal construction of the pleading, it is evident that Plaintiff is complaining that Judge McIver ruled in favor of Eaton while probating Koch's will in State Court. (Doc. # 1, ¶ 6). While the Plaintiff alleges that Judge McIver should not be immunized because he supported a fraud, the actions of Judge McIver were well within the definition of judicial acts. He simply found in favor of Eaton, and not the Plaintiff. Indeed, a review of the Harper factors when applied to the instant case compels a conclusion that the Defendant Judge was acting in his judicial capacity.

First, it appears that Judge McIver found Koch's will, as presented by the Plaintiff, was invalid and that any trusts established by Koch favored Eaton and not the Plaintiff. The precise act complained of is largely lost in unsupported allegations of fraud and forgeries. The Plaintiff does not accuse Judge McIver of the fraud or the forgeries but insists that Judge McIver turned a blind eye while Eaton committed the frauds. (Doc. # 1 ¶¶ 31 and 32). Finding cases in favor of one party

---

[2] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

while probating a will is a normal judicial function.[3]  Second, Judge McIver's decisions occurred as part of an ongoing judicial proceeding in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, and the Plaintiff fails to suggest or provide any basis for a conclusion that the actions of Judge McIver occurred outside of his judicial chambers.  Third, the probate of the will about which Plaintiff complains occurred in a case that was assigned to, and heard by, the judge being sued by the Plaintiff.  The fourth Harper factor does not appear to be particularly relevant based on the specific circumstances before this Court.  That factor requires the Court to determine whether the altercation arose out of a visit to the judge acting within his or her official capacity.  See Harper, 638 F.2d at 858.  The Plaintiff has not alleged any "visit" to the Judge McIver or an "altercation" with him.  Instead, he complains about McIver's rulings.  Nonetheless, to the extent that a judges' rulings, unfavorable to a plaintiff, can be construed as a "visit" or "altercation," Judge McIver unquestionably acted in his capacity as a sworn judicial officer in entering his rulings.  In consideration of the foregoing, the undersigned concludes that the actions about which Plaintiff complains constitute judicial acts taken by Judge McIver while acting in a judicial capacity.

The Court also considers the second inquiry identified by the Stump court.  This question, which focuses on whether the judge acted in clear absence of all jurisdiction, has been interpreted to preclude immunity in those circumstances "in which a judge acts purely in a private and non-judicial capacity," Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1979), in a matter "clearly outside the

---

[3]  The Plaintiff in the instant case claims that the Defendant Judge was biased against the Plaintiff and should therefore be considered acting outside his judicial capacity.  However, the factual allegations of the Complaint demonstrate that the grievances the Plaintiff complains of arose out of the actions the Defendant Judge took while presiding over the probate of Koch's estate. These types of actions are exactly what the Supreme Court in Stump held as being immunized from civil liability.  See Stump, 435 U.S. at 355.

judge's subject matter jurisdiction." Dykes, 776 F.2d at 948.  It cannot be said, even using the most liberal construction, that Plaintiff is alleging that Judge McIver acted in a private manner or outside his public judicial position.  Nowhere in his Complaint does Plaintiff remotely allege that Judge McIver acted in such a manner or suggest that he has been injured by any action taken by Judge McIver other than finding that Eaton could have access to funds held in securities that were apparently held by the State Court. (Doc. # 1, ¶ 13).  In fact, Judge McIver's decisions all revolved around trust and estate issues surrounding Koch's estate, trust, and will.  Clearly, as a State Circuit Court Judge, Judge McIver had jurisdiction over Koch's estate and any claims filed by Plaintiff in his Court, and had not only the authority, but also the obligation, to probate Koch's will and oversee the distribution of all relevant funds.

The Plaintiff's Complaint does not dispute Judge McIver's original jurisdiction, but instead alleges he lost that jurisdiction because his decision was adverse to the Plaintiff's position.  Consequently, the undersigned concludes that Judge McIver was acting within his judicial capacity and had the authority to adjudicate Koch's will and any claims filed by the Plaintiff in State Court.  As the Eleventh Circuit has stated unequivocally, "[a] judge is absolutely immune from suit in performing his judicial responsibilities," Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), therefore, Judge McIver should enjoy absolute judicial immunity from all civil liability to Plaintiff.

It is respectfully recommended that the Plaintiff's application to proceed *in forma pauperis* should be denied pursuant to 28 U.S.C. § 1915(e)(2).  Furthermore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Plaintiff's Complaint should be dismissed for seeking monetary relief from a defendant who is absolutely immune from such relief.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff John Fabing's Motion for Leave to Proceed In Forma Pauperis (Doc. #2) should be **DENIED,** and the Plaintiff's Complaint should be **DISMISSED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   13th   day of November, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record